**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TETYANA VLADYMYROVA, | No. 08-70067 |
| Petitioner, | Agency No. A097-364-271 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Tetyana Vladymyrova, a native of Azerbaijan and citizen of Ukraine,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the inconsistencies between Vladymyrova's testimony and her declaration regarding where her persecutors painted the animal-blood graffiti and the way in which they beat her. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004); *see also Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (inconsistencies deprive claim of the requisite "ring of truth"). In the absence of credible testimony, Vladymyrova has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Vladymyrova's CAT claim is based on testimony the agency found not credible, and she points to no other evidence to show it is more likely than not she would be tortured if returned to Ukraine, her CAT claim fails. *See id*. at 1156-57.

We lack jurisdiction to consider Vladymyrova's claim that the IJ demonstrated bias because this issue was not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**